### In re Timothy C. Whittemore, petitioner.

Suffolk. March 1, 1892. — June 24, 1892.

Present: Field, C. J., Holmes, Knowlton, Lathrop, & Barker, JJ.

*Equity — Volunteer — Statute of Limitations — Laches.*

A petition in equity, for an allowance out of funds in the hands of the receiver of a corporation, as compensation for services alleged to have been rendered to former receivers of the corporation from July, 1870, to some point of time prior to January, 1877, was referred to a master, who found that the petitioner rendered services which were availed of by at least one of the counsel for the receivers, and were useful to the receivers in certain litigation then pending, and which contributed more or less to the recovery of a decree which the receivers obtained; that these services were not rendered in pursuance of any contract, express or implied, but the petitioner had an expectation that, if the receivers succeeded in their litigation, a reasonable allowance would be made to him; and that, when the receivers needed his services, they made a contract with him, both before and after the time embraced in the petition. It also appeared that the petitioner presented a bill to the receivers for his present claim in 1877; and that his petition was not filed until nearly ten years afterwards. *Held,* that, upon the facts found by the master, the petitioner was a mere volunteer during the period covered by his claim, and could not maintain his petition. *Held, also,* that, aside from the question of the statute of limitations, the petitioner had been guilty of such laches as to preclude him from any relief in equity.

Petition, as amended, filed on March 31, 1888, by Timothy C. Whittemore, for an allowance out of funds in the hands of the receiver of the defendant corporation, as compensation for services alleged to have been rendered to the former receivers of said corporation. The case was heard by *Knowlton, J.,* who at the request of the parties reserved it for the consideration of the full court. The material facts appear in the opinion.

*J. F. Pickering & J. W. Pickering,* for the petitioner.

*J. O. Teele,* for the receiver.

Lathrop, J. On the facts found by the master in this case, we fail to see any ground on which the petitioner is entitled to prevail. He seeks to have the court order the receiver to pay, out of the funds in his hands belonging to the trust estate, compensation for services alleged to have been rendered to the former receivers from July 23, 1870, to some point of time prior to January 1, 1877. Although the master finds that the petitioner

rendered services which were availed of by at least one of the counsel for the receivers, and were useful to the receivers in certain litigation then pending, and which contributed more or less to the recovery of a decree which the receivers obtained, yet the master also finds that these services were not rendered in pursuance of any contract, express or implied. The fact that the petitioner had an expectation that, if the receivers succeeded in their litigation, a reasonable allowance would be made him, is not enough. So far as appears, the petitioner was a mere volunteer during this period. When the receivers needed his services they made a contract with him, as they did before and after the time embraced in his present claim.

There is also another ground on which we find it necessary to dismiss the petition. The petitioner presented a bill to the receivers for his present claim in December, 1877. His original petition was not filed until September 21, 1887, nearly ten years afterwards. Aside from the question of the statute of limitations, we are of opinion that the petitioner has been guilty of such laches that this court ought not to afford him any relief.

These considerations render it unnecessary to determine whether, if the receivers had employed the petitioner and had refused to pay him for his work, he could have sought relief in the manner he seeks it in this case, or whether he should not have applied to the court for leave to bring an action at law against the receivers.          *Petition dismissed.*