HENRY A. DAVIS *vs.* A. INGHAM BICKNELL, executor.

Suffolk.　January 11, 12, 1923. — March 3, 1923.

Present: RUGG, C.J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Equity Jurisdiction,* Partnership accounting, Laches.　*Partnership.　Evidence,*
　Admission.

A printer and his brother-in-law formed a partnership, the printer investing ma-
chinery and stock in trade and the brother-in-law promising to invest $1,000;
profits and losses were to be divided equally and at the termination of the
partnership liquidation was to be made on the same basis. The printer, ignorant
of bookkeeping, attended to the printing and the brother-in-law devoted his time
exclusively to the keeping of the books and attending to the finances of the
partnership. The brother-in-law never invested the $1,000. The cash book
showed no entry of such an investment. Entries in the journal and ledger
showed such entries, which were made about three years after the partnership
began. The printer, shortly after the beginning of the partnership, became
suspicious that the investment was not made, on numerous occasions asked his
brother-in-law about it and invariably was told, "That is my business. You
attend to your part of the business and I will attend to mine." At one time
the printer talked with an accountant, but he did not employ one. Twenty-four
and one half years after the formation of the partnership, the brother-in-law died,
and the printer brought a suit in equity against the executor of his will for an
accounting, in which, upon a "finding and ruling" by a master that the plaintiff
had been guilty of laches as to the failure of the brother-in-law to make his
investment, a decree was entered denying him relief on that item, from which
the plaintiff appealed. *Held,* that

(1) The brother-in-law having assumed the duty of keeping the books which
continued during the existence of the firm, the entries unless satisfactorily
explained should be considered as conclusive against him whether they were
true or false;

(2) The partners sustained to each other a fiduciary relation, and means of
information or even constructive notice should not be treated, as between
them, as the equivalent of actual knowledge;

(3) The failure of the brother-in-law to make the investment, successfully
concealed, was a fraud upon the plaintiff and the plaintiff was not required
to take positive action to protect himself until such time as he had knowledge
of it;

(4) The master's conclusion that the plaintiff had been guilty of laches was
unwarranted on the face of the report;

(5) The plaintiff was entitled to an accounting on the basis of equality and
the defendant should be charged with the amount which his testator should have
invested together with interest from the date of the formation of the partnership.

BILL IN EQUITY, filed in the Superior Court on October 31, 1919,
and afterwards amended, against the executor of the will of Aril

A. Wetherbee, late of Lexington, seeking an accounting "of the business dealings of the plaintiff and said Wetherbee with each other from on or about August 1, 1894, to February 11, 1919, as partners, and the business transacted by them, or either of them, and that the defendant, as the legal representative of the estate of said Wetherbee, deceased, be ordered to restore to the plaintiff, as the surviving member of said firm or partnership, any sum or sums found due from or on account of said Wetherbee."

The suit was referred to a master. Material findings by the master are described in the opinion. Both parties filed exceptions to the report. The fifth objection and exception of the plaintiff to the report of the master was to a finding and ruling that the plaintiff by reason of laches could not "recover" $1,000 which Wetherbee had promised to, but had not, invested in the business. Both parties also filed motions for a recommittal of the report to the master. The motion and exceptions were heard by *Hammond*, J., by whose order there was entered an interlocutory decree denying the motions, overruling the exceptions and confirming the report, and a final decree that the plaintiff recover nothing from the defendant as executor of the will of Wetherbee; that the plaintiff retain the assets of the partnership and pay all the outstanding debts of the partnership; and that he save harmless the estate of Wetherbee from any and all claims of creditors of the partnership; that the plaintiff pay the defendant as executor of the will of Wetherbee the sum of $353.36, together with six per cent interest thereon from the date of the filing of the plaintiff's bill' to date of payment, and that the account as taken by the master be settled and allowed and all claims of the plaintiff against the estate of Wetherbee arising out of the partnership "are hereby determined and denied;" and costs were awarded to the defendant.

The plaintiff appealed from both decrees.

*J. K. Berry*, for the plaintiff.

*A. D. Radley*, for the defendant.

BRALEY, J. The plaintiff and the testator Aril A. Wetherbee entered into a parol agreement of partnership in August, 1894, which having been dissolved by his death February 11, 1919, this suit is for an accounting during the entire period, and a final settlement of the affairs of the firm. The plaintiff, a printer by trade, having established a small general jobbing business, agreed

with Wetherbee, his brother-in-law, that a partnership should be formed, the capital to consist of the plaintiff's machinery and stock in trade at a valuation of $2,495.71, while Wetherbee was to contribute $1,000 in cash, the profits and losses to be equally shared; and at the termination of the partnership the assets were to be distributed on the same basis. It is found by the master that the plaintiff, who was ignorant of even the rudiments of book-keeping, attended to the job printing, while Wetherbee without any experience in the business devoted his time exclusively to keeping the books, attending to the finances of the firm, and that each solicited and secured orders. And Wetherbee having assumed the duty of keeping the books which continued during the existence of the firm, the entries unless satisfactorily explained should be considered as conclusive against him whether they were true or false. See *Stidger* v. *Reynolds*, 10 Ohio, 351. While the proceedings are voluminous, the report states that at the close of the evidence the controversy was narrowed to the following allegations of the bill; that "Wetherbee never put into the partnership $1,000 in cash, which it was agreed at the time of the formation of the partnership he was to put in as his part of the capital; . . . that he [the plaintiff] had been erroneously charged on the books of the partnership kept by Wetherbee with the sum of $869.21;" and "that Wetherbee appropriated to his own use, cash of the partnership amounting to $131.27." The master "on the evidence as it now stands," which seems on the full recitals in the report to have been all the evidence the parties were able to produce, expressly finds that Wetherbee failed to "put $1,000 in cash into the capital assets of the partnership," and the defendant's motion to recommit the report "to complete the hearing on the merits with regard to said item for $1,000," as well as the plaintiff's motion that his "exceptions be sustained and the report set aside or recommitted to the master for such changes as may be required" were denied. But the master although making this finding, and ruling that the statute of limitations was not a bar, also held at the request of counsel for the defendant that the item should be excluded in the accounting because of the plaintiff's laches. It is settled that a court of equity will not countenance and enforce stale claims. "The law serves the diligent, and not those who sleep on their rights." *Whittemore, petitioner*, 157 Mass. 46. *Sawyer* v. *Cook*,

188 Mass. 163. *Sunter* v. *Sunter,* 190 Mass. 449. *Griswold* v. *Hazard,* 141 U. S. 260. *Halstead* v. *Grinnan,* 152 U. S. 412. *Mc-Intire* v. *Pryor,* 173 U. S. 38. The report states that the cash book contained no entries showing that the sum in question had been paid in. But entries in the journal and "in the ledger capital account of A. A. Wetherbee" showed that $1,000 in cash had been paid. The master says, "I am convinced from an inspection of the books and a comparison of these entries with various other entries therein, were made some considerable time, probably about three years, after the partnership began." The finding however previously quoted, that it was never contributed, warrants the assumption that the entry made by Wetherbee was not in conformity with the facts. It appears in the report that shortly after the formation of the partnership the plaintiff became suspicious that Wetherbee had not contributed his share of the capital, and on numerous occasions asked him whether he had kept his agreement, and the reply invariably was, "That is my business. You attend to your part of the business and I will attend to mine." The plaintiff several years after the partnership had been doing business consulted counsel, and on one occasion talked with an accountant. It also is stated that although he had seen, but did not understand the entries in the books, no accountant was employed to make an examination, and he "did no more than express his doubt as to whether Wetherbee put in his $1,000 as agreed." The partners nevertheless sustained to each other a fiduciary relation, and means of information or even constructive notice are not the equivalent of actual knowledge. A partner is entitled to rely on the good faith of his copartner, and the plaintiff had a right to assume that notwithstanding his doubts the entries might be correct. *Arnold* v. *Maxwell,* 223 Mass. 47, 52. It is difficult to see how an examination of the books even by an expert accountant would have disclosed that the money had not been contributed. The testator was bound in good faith to perform his agreement, and his death has not relieved the executor from the obligation incurred in his lifetime. It is plain that the plaintiff's suspicions even when accentuated by the conduct of Wetherbee afforded no reasonable basis for a suit in equity for dissolution and settlement of the firm's affairs. The plaintiff moreover had full access to the books, and even if somewhat in doubt he well

might assume that the entries in the journal and ledger were probably accurate. *Allen* v. *Coit*, 6 Hill, 318. But the failure in performance by Wetherbee was successfully concealed. It was a fraud on the plaintiff, who was not required to take positive action to protect himself until such time as he had knowledge of it. *Nealon* v. *Henry*, 131 Mass. 153. *Dean* v. *Ross*, 178 Mass. 397, 402. *Potter* v. *Kimball*, 186 Mass. 120. *Hawkes* v. *Lackey*, 207 Mass. 424. *Arnold* v. *Maxwell*, 223 Mass. 47, 52, and cases cited. *Murphy* v. *Kirby*, 3 App. Cas. (D. C.) 207. *Ogden* v. *Astor*, 4 Sandf. (N. Y.) 311. *McGinn* v. *Benner*, 180 Penn. St. 396. If the conclusion of the master that the plaintiff had been guilty of laches is treated as a ruling of law, or as a finding of fact, or as embracing both, it cannot be sustained on the face of the report for the reasons stated. *Danforth* v. *Chandler*, 237 Mass. 518. The result is that Wetherbee's withdrawals from time to time were from the proceeds of a business to which he had not contributed his share of the capital, and the partnership also having been charged with interest on money lent by him to the firm, the burden of all those payments were more or less borne by the plaintiff's capital, and the business developed and made profitable by its use. The situation was substantially the same as if the plaintiff had contributed the entire capital. See *Livingston* v. *Blanchard*, 130 Mass. 341. The partnership on the death of Wetherbee was dissolved by operation of law, and the plaintiff as surviving partner took the firm property as absolute owner subject to the liability of accounting for its proceeds and application to the payment of debts of the firm and the settlement with Wetherbee's estate of the partnership accounts. *Holbrook* v. *Lackey*, 13 Met. 132. *Hewitt* v. *Hayes*, 204 Mass. 586. The plaintiff under the contract is entitled to an accounting on the basis of equality, and the defendant should be charged with the sum of "one thousand dollars" with interest thereon from August 1, 1894, to the date of dissolution. *Arnold* v. *Maxwell*, 223 Mass. 47, 53, 54. The exceptions to the findings that the plaintiff had not been overcharged on the books, and that Wetherbee had not misappropriated partnership funds have been carefully examined, but the master's conclusions not appearing to be plainly wrong, they were overruled rightly. It follows that the interlocutory decree must be modified by sustaining the plaintiff's fifth exception, while

the final decree must be reversed and the case is to stand for further proceedings in the trial court not inconsistent with this opinion.

*Ordered accordingly.*