## ARTHUR G. WELLMAN *vs.* WAYNE H. NORTH.

Suffolk.    November 11, 1925. — June 29, 1926.

Present: RUGG, C.J., BRALEY, PIERCE, WAIT, & SANDERSON, JJ.

*Partnership.   Receiver.   Bankruptcy.   Jurisdiction.*

In 1915, a suit in equity between two partners for a dissolution of the partnership, the appointment of a receiver and an accounting was filed in the Superior Court and a receiver was appointed. In 1918, while the receivership was still pending, the defendant died. In 1922, the plaintiff was adjudicated a bankrupt. In 1924, the receivership still pending, the trustee in bankruptcy of the plaintiff, under authority

of the Federal referee in bankruptcy, filed in the equity suit an application for an order that the receiver be ordered to deliver to him "all estate, assets, property, property rights, funds and all goods and effects of said . . . bankrupt now in his hands and possession, including all the proceeds consisting of cash or property rights, received by him as receiver, from claims, suits at law, executions, or otherwise, in which the said . . . bankrupt had an interest on" the date of the filing of the bankruptcy petition and his adjudication, "reserving only enough to pay his expenses as receiver to the said date and that the said . . . receiver be directed and ordered to file forthwith, his account as of the aforesaid date." The petition was denied. *Held,* that

(1) The application of the trustee in bankruptcy above described was a proper procedure and conformed to the practice in such cases recommended in many decisions in the Federal courts;

(2) It was not necessary to consider whether the Federal bankruptcy court had power by summary order to compel the State court receiver to turn over moneys in his possession to the bankruptcy court to await its action on the question of compensation fees and disbursements of the receiver;

(3) The appointment of the receiver in dissolution proceedings, instituted by a member of the partnership and not by creditors of the individual members or of the firm, had no effect to change the title to, or to create any lien upon, the property;

(4) On the death of the defendant partner, the partnership was dissolved by operation of law; the surviving partner then took an absolute title to the property of the firm subject to a liability to account for its proceeds and for their application to the payment of the firm debts and the settlement of the partnership accounts, and, when he was adjudicated bankrupt, the bankruptcy court acquired jurisdiction of all his property, including the property belonging to the firm at the death of the other partner;

(5) The order applied for should have been made.

BILL IN EQUITY, filed in the Superior Court on May 6, 1915, for dissolution of a partnership, the appointment of a receiver, and an accounting.

Proceedings in the Superior Court upon the death of the defendant and the bankruptcy of the plaintiff, and the petitions by the plaintiff's trustee in bankruptcy are described in the opinion. The petitions were heard by *Lummus,* J., who reported his action to this court for determination.

*W. S. Thompson,* (*H. Finn* with him,) for the trustee in bankruptcy.

*W. J. Barry,* for the plaintiff.

PIERCE, J. In August, 1907, Arthur G. Wellman and Wayne H. North became partners under the firm name and

style of North, Wellman and Company, and conducted business thereafter until May 6, 1915, at 161 Devonshire Street, Boston, Massachusetts. On May 6, 1915, Wellman filed a bill in equity for the dissolution of the partnership, for the appointment of a receiver, for an accounting, and for such other relief as the court might deem proper or equity might require; and on the same day, after hearing the parties by their respective counsel, the counsel assenting thereto, the court ordered and decreed that one Gilbert E. Kemp be appointed receiver of the property of every nature and kind of or belonging to the partnership.

The decree contained the customary provisions as to the collection of assets; a provision directing the members of the partnership to deliver to the receiver all property, however described, in their hands, possession, or control, together with all books, deeds, documents, vouchers and papers relating thereto; a provision forbidding the members from "in any manner disposing of or encumbering any of the effects or property aforesaid, except to deliver them into the hands of said receiver"; a provision requiring the members and each of them "to make, execute, and deliver to said receiver any of the conveyances, instruments, and transfers in writing which he shall reasonably be advised to be necessary or proper to have effectually vested in him any part of the effects or property of said partnership"; a direction to the receiver to wind up the business of the partnership, and, subject to the order of the court, to distribute the partnership assets after payment of all debts. The decree also contained provisions as to proof of claims, the filing of an inventory, and the bond which it required should be given by the receiver before entering upon the performance of his duties.

The receiver named in the decree accepted the office and gave bond. Various claims were proved before August 6, 1915, when the time fixed by decree for proof of claims expired; and many of the assets have been reduced to cash.

On October 29, 1918, the defendant, Wayne H. North, died.

On September 8, 1922, the plaintiff, Wellman, was adjudicated a bankrupt in the District Court of the United States

for the District of Massachusetts, and on October 10, 1924, the case being reopened, the present trustee in bankruptcy of his estate, Walter S. Thompson, was appointed and qualified. On December 30, 1924, the referee in bankruptcy authorized and permitted the trustee, Thompson, to intervene as a party plaintiff in the action of Arthur G. Wellman, plaintiff *v.* Wayne H. North, defendant, "now pending in the Superior Court of Suffolk County." On January 27, 1925, the trustee in bankruptcy of the estate of Arthur G. Wellman filed two petitions in the case in Suffolk County entitled Arthur G. Wellman *v.* Wayne H. North. The first, a petition for leave to intervene, was allowed by the court. The second sought an order that Gilbert H. Kemp file forthwith his report as receiver, and that he "be ordered to turn over and deliver up to your petitioner as trustee in bankruptcy of said plaintiff Wellman all estate, assets, property, property rights, funds and all goods and effects of said Wellman, bankrupt, now in his hands and possession, including all the proceeds consisting of cash or property rights, received by him as receiver, from claims, suits at law, executions, or otherwise, in which the said Wellman, bankrupt, had an interest on September 8, 1922, the day when said Wellman filed a voluntary petition in bankruptcy and was adjudicated a bankrupt, reserving only enough to pay his expenses as receiver to the said date and that the said Kemp as receiver in this action be directed and ordered to file forthwith, his account as of the aforesaid date, September 8, 1922." The petition "for the turning over to him of the assets" was denied by an interlocutory decree passed March 31, 1925, and the trustee in bankruptcy appealed therefrom to this court on April 3, 1925.

After the filing of the interlocutory decree, the judge of the Superior Court on April 14, 1925, made certain findings of "material facts," in addition to the facts set forth in his "memorandum of decision and order for decree" filed March 11, 1925. These facts "in addition" in substance are that the trustee in bankruptcy of Wellman first filed the suggestion of the death of North in the case of Wellman *v.* North on December 9, 1924; that the "decree on May 7, 1916 [*sic*], appointing the receiver did not in terms dissolve the partner-

ship but the decree itself is to be printed as a part of the record on appeal"; that the receiver had continued to act as such; that the bankruptcy of the plaintiff was not brought to the attention of the court or the partnership creditors at the time Wellman was adjudged a bankrupt; that the suggestion of bankruptcy was filed by the trustee in bankruptcy on December 9, 1924; and that the receiver Gilbert E. Kemp acted for the plaintiff as his attorney in the bankruptcy proceedings and prepared the bankruptcy schedules.

The case is here on the report of a judge of the Superior Court, he being of opinion that the interlocutory decree of March 31, 1925, denying the petition of Walter S. Thompson, trustee in bankruptcy, so affected the merits of the controversy that the matters ought before further proceedings to be determined by the full court.

The application of the trustee in bankruptcy, made in the suit in the Superior Court, for the order above quoted was a proper procedure and conformed to the practice in such cases recommended in many decisions of the Federal courts. *In re Price*, 92 Fed. Rep. 987. *In re Watts & Sachs*, 190 U. S. 1, 27. It is not necessary to consider whether the Federal bankruptcy court had power by summary order to compel the State court receiver to turn over moneys in his possession to the bankruptcy court to await its action on the question of compensation fees and disbursements of the receiver. *In re Watts & Sachs, supra. In re Diamond's Estate*, 259 Fed. Rep. 70, 73, 74. *Shannon* v. *Shepard Manuf. Co. Inc.* 230 Mass. 224, 233, and cases collected.

In the suit brought by Wellman for dissolution of North, Wellman and Company, the receiver, Gilbert E. Kemp, appointed under a decree of the Superior Court with the assent of all parties, took no title to the property which was in the partnership prior to his appointment, and his appointment had no effect to change the title or create any lien upon the property. *Ellis* v. *Boston, Hartford & Erie Railroad*, 107 Mass. 1, 28. The property upon the appointment of the receiver is *in custodia legis*, held by the court for the purpose of administration and disposition in accordance with the rights of the parties to the litigation. The proceeding by

receivership is *quasi in rem* so far as involves a sequestration of assets. The receiver is the representative of the court and of all parties interested in the litigation. *Henning* v. *Raymond*, 35 Minn. 303. *Davis* v. *Mazzuchelli*, 238 Mass. 550. The appointment of the receiver in the dissolution proceedings instituted by a member of a partnership, and not by creditors of the individual members or of the firm, did not operate to create equitable liens on the property *in custodia legis* in favor of individual or firm creditors, as and when proof should be made of their respective claims, as would have resulted on the facts of this case had attachments been made or injunctions issued more than four months preceding the filing of the bankruptcy proceedings by Wellman on or about September 8, 1922. *Snyder* v. *Smith*, 185 Mass. 58. *Gay* v. *Ray*, 195 Mass. 8. *Rioux* v. *Cronin*, 222 Mass. 131. *Stockbridge* v. *Mixer*, 227 Mass. 501. *Woodard* v. *Snow*, 233 Mass. 267.

Without decree of court, on October 29, 1918, the partnership was dissolved by operation of law, by reason of the death of the defendant copartner North, and the plaintiff, Wellman, as surviving partner, took an absolute title to the property of the firm subject to a liability to account for its proceeds and for their application to the payment of the firm debts and the settlement of the partnership accounts. *Holbrook* v. *Lackey*, 13 Met. 132. *Hewitt* v. *Hayes*, 204 Mass. 586, 592. *Davis* v. *Bicknell*, 244 Mass. 352, 356. St. 1922, c. 486, § 25 (d). When North died and Wellman as surviving partner became the owner of the assets of the firm, Wellman, the estate of North and the firm of North, Wellman and Company were entirely solvent, so far as the record shows; and no reason is disclosed why Wellman should have further prosecuted his suit. When he was adjudicated bankrupt, the bankruptcy court acquired jurisdiction of all his property, including the property belonging to the firm at the death of North, *In re Stringer*, 253 Fed. Rep. 352, *Hewitt* v. *Hayes*, *supra*, *Shannon* v. *Shepard Manuf. Co. Inc.*, *supra*, and with that jurisdiction, the right and the power to administer such assets according to law.

The "petition for order to receiver" should have been

allowed, as prayed for. It results that the interlocutory decree must be reversed and the case stand for further proceedings in the Superior Court, not inconsistent with this opinion.

*So ordered.*