ARTHUR G. WELLMAN *vs.* WAYNE H. NORTH.

Suffolk. March 12, 13, 1928. — September 20, 1928.

Present: RUGG, C.J., BRALEY, PIERCE, WAIT, & SANDERSON, JJ.

*Receiver. Bankruptcy. Equity Jurisdiction,* Receiver. *Supreme Judicial Court,* Rescript.

A decision of this court, reported in *Wellman* v. *North,* 256 Mass. 496, that a petition by a trustee in bankruptcy of a surviving partner, seeking possession of assets of the partnership in the hands of a receiver appointed by the Superior Court subject only to expenses of the receiver to the date of adjudication of bankruptcy, should be allowed, meant that the accounts of the receiver must be adjusted as of the date of adjudication of bankruptcy and that the receiver's services, expenses, fees of counsel, disbursements and other obligations must be fixed and paid as of that date.

In a suit in equity in the Superior Court between two partners relating to the dissolution of a partnership, a receiver was appointed. One of the partners died pending determination of the suit and thereafter the other

partner was adjudicated a bankrupt. The bankruptcy did not come to the attention of the Superior Court for two years and three months thereafter. Services were rendered by the receiver and his counsel "necessary to the preservation of the property in charge of the receiver and other necessary expenses were incurred continuing" for almost five years after the adjudication in bankruptcy. After rescript from this court, the receiver was ordered to turn over property of the partnership in his hands as of the date of the adjudication in bankruptcy to the trustee in bankruptcy. The receiver sought to retain an amount adjudged by the Superior Court to be due for his services, expenses and counsel fees for the period extending after the date of the adjudication. *Held*, that the receiver was entitled to retain only enough to pay his charges and expenses as receiver until the date of the adjudication of bankruptcy.

BILL IN EQUITY, filed in the Superior Court on May 6, 1915, for dissolution of a partnership, the appointment of a receiver, and an accounting.

The case previously was before this court when a decision was rendered which is reported in 256 Mass. 496. Proceedings in the Superior Court following a rescript and rulings and an interlocutory decree of August 4, 1927, reported by *Qua,* J., and rulings and an interlocutory decree of October 10, 1927, reported by *Morton,* J., are described in the opinion.

*W. S. Thompson,* for trustee in bankruptcy of Wellman.

*Asa P. French & J. O. Burdett,* for intervenors, submitted a brief.

*C. A. Warren,* (*W. J. Barry & F. W. Doring* with him,) for the receiver.

RUGG, C.J. This case already has been before us once. The decision is reported in 256 Mass. 496, where facts are narrated at some length. After rescript pursuant to that judgment, hearings were had resulting in (A) the entry of an interlocutory decree on August 4, 1927, directing the receiver (a) to deliver to the trustee in bankruptcy of Wellman all property in his hands in which Wellman had an interest on September 8, 1922 (the date when Wellman was adjudicated bankrupt), retaining "only enough to pay his charges and expenses as receiver" and (b) forthwith to file his final account as receiver; and (B) the entry on October 10, 1927, of an order, on petitions of the receiver and of his counsel, allowing them compensation in specified amounts. The

periods covered by these judicial determinations are not stated categorically, but apparently they begin in 1915 and the latest date of services rendered seemingly is September 20, 1927.   Each judge has reported the correctness of his action on these interlocutory matters with the findings of fact deemed to be material.   Only those pertinent to the grounds of the present opinion need be stated.   The case originated as a suit in equity, respecting the dissolution of a partnership between the plaintiff Arthur G. Wellman and the defendant Wayne H. North.   A receiver of the partnership was appointed on May 7, 1915.   No answer was filed by the defendant and no steps taken for the final disposition of the main cause.   Proofs of claims were made before the expiration, on August 6, 1915, of the time limited therefor, but no action has been taken as to their allowance.   The defendant North died in October, 1918.   Thereupon title to the assets of the then solvent firm vested in Wellman as the surviving partner, although the suit was not dismissed and the receivership was continued.   In February, 1918, the receiver in the performance of his duties brought an action at law against a large number of defendants.   It was contested, but on May 28, 1923, judgment was entered in favor of the plaintiff against fifty-three defendants for a large sum of money. Levy was made upon numerous parcels of real estate of certain defendants.   At execution sales some parcels were sold to outsiders and some were bid in by the receiver, after conference with the court, for the protection of the estate in the hands of the receiver.   Proceedings for redemption of certain parcels were instituted; one of these has been settled for a substantial sum paid to the receiver, and others are still pending.   In connection with these matters many suits have been brought and there has been much litigation.   A writ of error sued out by the defendants in the action at law against the receiver, for the purpose of setting aside the judgment, is pending, in which hearings are in progress before an auditor.   In the meantime, on September 8, 1922, Wellman on his voluntary petition filed that day was adjudicated bankrupt.   The death of the defendant North and the bankruptcy of the plaintiff Wellman did not come to the attention

of the court until December 9, 1924. On January 27, 1925, a petition by the trustee in bankruptcy of Wellman for leave to intervene was heard and allowed.

The principal questions here, as they were below, are whether allowances for compensation for receiver's services and expenses and fees for his counsel should be determined and ordered paid up to the actual time of the closing of his accounts in the Superior Court, or whether such allowances should be determined and paid only up to the time of the petition and adjudication in bankruptcy.

The matters presented for decision in 256 Mass. 496, arose on the petition to intervene of the trustee in bankruptcy of Wellman. That petition was entitled, "Petition for order to receiver." Its prayers were that the receiver be ordered to turn over to the trustee in bankruptcy all property in his hands in which the bankrupt had an interest on the date of the adjudication, "reserving only enough to pay his expenses as receiver to the said date," and that the receiver be "ordered to file forthwith, his account as of the aforesaid date." In the opinion touching that matter the court said, "The 'petition for order to receiver' should have been allowed, as prayed for." 256 Mass. at pages 501, 502. The main point discussed in that opinion was whether the property should be turned over to the trustee in bankruptcy or should be retained for settlement in the receivership proceedings. The date as of which the property should be turned over to the trustee in bankruptcy, if it ought to be turned over, and the date as of which the receivership accounts should be adjusted, were essential incidents of the decision that it ought to be turned over. The determination of that date, while not discussed in the earlier opinion, is necessarily involved in the sentence above quoted from that opinion. That opinion means that the accounts of the receiver must be adjusted as of September 8, 1922, and that the receiver's services, expenses, fees of counsel, disbursements and other obligations must be fixed and paid as of that date.

It has been urged, however, that this precise question has not hitherto been argued. If the question be considered anew on its merits and apart from the earlier opinion, no occasion

is perceived for reversing, altering, or modifying that which has been decided. Upon the adjudication that Wellman was bankrupt, title to his "property became vested in the trustee, . . . with actual or constructive possession, and placed in the custody of the bankruptcy court." *Mueller* v. *Nugent,* 184 U. S. 1, 14. *Acme Harvester Co.* v. *Beekman Lumber Co.* 222 U. S. 300, 307. *Bailey* v. *Baker Ice Machine Co.* 239 U. S. 268, 276. Bankruptcy Act of July 1, 1898, c. 541, §§ 70, 21e; 30 U. S. Sts. at Large, 552, 565, as amended by Act of February 5, 1903, c. 487, §§ 16, 7; 32 U. S. Sts. at Large, 798, 800. All charges accruing against that property thereafter or within a reasonable time thereafter must be determined by the bankruptcy court. That court is the only one having jurisdiction to settle such charges. It seems apparent from this record that the receiver and his counsel have performed valuable services, which have inured to the benefit of the estate of the bankrupt. It is stated in the report that, with the knowledge and approval of the Superior Court, services were rendered by the receiver and his counsel "necessary to the preservation of the property in charge of the receiver and other necessary expenses were incurred continuing down to the date of the entry of" the interlocutory decree. The reason why these services were rendered and expenses incurred by the receiver and not by the trustee in bankruptcy is not shown by the record. However that may be, we think that the matters here in issue, namely, the determination of the expenses, disbursements, services and counsel fees for the benefit of the estate of the bankrupt, rendered after the adjudication in bankruptcy, lie within the jurisdiction of the bankruptcy court. Of course it is to be presumed that complete justice to all parties in interest will be meted out by that court. In our opinion there was error in the interlocutory decree and in the order reported, in that the decisive date is not as therein stated but is September 8, 1922, as prayed for in the petition of the trustee in bankruptcy and indicated in the earlier opinion. This conclusion is not at variance with, but is supported by, *Shannon* v. *Shepard Manuf. Co.* 230 Mass. 224, and the cases there reviewed. See *Lyon Bonding & Surety Co.* v. *Karatz,* 262 U. S. 640, 642;

*In re Diamond's Estate,* 170 C. C. A. 138, 141; certiorari denied in *Frankenstein* v. *Jacobs,* 249 U. S. 614. We do not go any further in this decision than is required by the facts. See in this connection opinion by Judge (now Mr. Justice) Sanford in *In re Dayton Coal & Iron Co. Ltd.* 291 Fed. Rep. 390, at pages 399, 400, and opinion by Judge Learned Hand in *In re Hoey, Tilden & Co.* 292 Fed. Rep. 269.

It is stated in one of the reports that "It was argued before me that action should be delayed upon the trustee's petition until final decision upon a writ of error now pending in an action by which the receiver has collected assets in his hands, and certain creditors have by motion filed claims which they ask to have allowed and that funds be retained in the hands of the clerk of the court equal to the amount of such claims until decision on said writ of error, but nothing appears which would justify the court in adopting either of these contentions, both of which would seem to commit this court to further dealing with matters which ought now to be dealt with exclusively by the bankruptcy court." No further facts have been found and no evidence is reported. The contention that this was error cannot be supported. The settlement of the estate of Wellman is within the jurisdiction of the bankruptcy court and title to that estate is in his trustee in bankruptcy. If property is turned over to him which does not belong to the estate, the bankruptcy court has ample jurisdiction to deal with it. There is nothing on this record to warrant the conclusion that there was error in this particular.

The result is that the interlocutory decree of August 4, 1927, is to be modified by inserting between the words "Receiver" and "and", being the twenty-fourth and twenty-third words from the end of the declaratory part of the decree, the words "up to September 8, 1922," so that the receiver will be ordered to reserve "only enough to pay his charges and expenses as receiver until September 8, 1922," and as thus modified is affirmed. The order of October 10, 1927, is reversed and the compensation there under consideration is to be determined and allowed until September 8, 1922.

*Ordered accordingly.*