ARTHUR G. WELLMAN *vs.* WAYNE H. NORTH.

Suffolk.   April 3, 1929. — May 31, 1929.

Present: RUGG, C.J., CROSBY, PIERCE, WAIT, & SANDERSON, JJ.

*Equity · Jurisdiction*, Receivership proceedings. *Receiver. Bankruptcy*, Trustee's rights.

After the appointment of a receiver in a suit in equity for the dissolution of a partnership, the defendant died and the plaintiff was adjudicated a bankrupt. Thereafter, in accordance with decisions by this court, the receiver was ordered to file his final account and to turn over to the trustee in bankruptcy all property in his hands in which the bankrupt had an interest on the date of the adjudication, retaining only enough to pay his expenses and charges as receiver to that

date. His expenses and charges were fixed, and his final account, showing a balance to be accounted for by him, was allowed. It then appeared that he was without funds and unable to pay over such balance to the trustee. The surety on the receiver's bond paid the penal sum thereof into court by consent of all parties; and an interlocutory decree was entered directing the clerk to pay such sum to the trustee. *Held*, that the decree was right, even if all of such sum would not be needed to pay creditors in the bankruptcy proceedings, and even if certain creditors who had proved their claims in the receivership proceedings had, without fault on their part, lost their right to prove their claims in the bankruptcy proceedings.

BILL IN EQUITY, filed in the Superior Court on May 6, 1915, for dissolution of a partnership, the appointment of a receiver and an accounting.

A receiver was appointed. Thereafter, in 1918, the defendant died. The plaintiff filed a voluntary petition in bankruptcy in the District Court of the United States for the District of Massachusetts and was adjudicated a bankrupt on September 8, 1922. On January 27, 1925, the trustee in bankruptcy filed a petition for leave to intervene in the suit and a petition that the receiver be ordered to turn over to the trustee all the property in his hands in which the bankrupt had an interest on September 8, 1922, less the receiver's expenses to that date; and that the receiver be ordered to file his account to that date. The suit previously was before this court upon a report by *Lummus*, J., of his action on such petitions; and, in a decision reported in 256 Mass. 496, it was decided that the trustee was entitled to the orders he had sought. Thereafter, in 1927, interlocutory decrees were entered accordingly by orders of *Qua*, J., and of *Morton*, J. In such decrees the receiver and his counsel were allowed certain compensation and the receiver was directed to retain enough to pay his charges and expenses. The suit again was before this court upon reports by the judges of such decrees; and, in a decision reported in 264 Mass. 469, it was decided that the accounts of the receiver must be adjusted as of September 8, 1922, and his charges and expenses fixed as of that date; and that he was entitled to retain only enough to pay such charges and expenses to that date.

Proceedings relative to the receiver's bond, and further proceedings and interlocutory decrees entered by order of *Cox*, J., after the second decision by this court are described in the opinion. The judge reported his action for determination by this court.

*W. S. Thompson & Asa P. French*, for creditors and intervenors.

*D. Needham*, (*W. J. Barry* with him,) for the receiver and the trustee in bankruptcy.

SANDERSON, J. This court decided in *Wellman* v. *North*, 256 Mass. 496; *S. C.* 264 Mass. 469, that the receiver who was appointed in a suit to dissolve the partnership should turn over to the trustee in bankruptcy of Arthur G. Wellman all property in which Wellman had an interest on September 8, 1922, the date when he filed a voluntary petition in bankruptcy and was adjudged a bankrupt, reserving only enough to pay his charges and expenses as receiver to that date; and interlocutory decrees were entered in accordance with those decisions. Thereafter, after hearing, interlocutory decrees were entered in December, 1928, fixing compensation for counsel for the receiver and allowing the receiver's report showing a balance of $10,175.73 to be accounted for by him. The receiver paid to the trustee in bankruptcy $175.73 of this sum and was unable to pay the balance. He was without funds or resources of any kind and was unable to comply with the order of court in so far as it required him to pay to the trustee the $10,000 remaining for which he was accountable and was in default as receiver.

In 1924, on motion of certain creditors, the receiver had been ordered to file a new bond in the sum of $10,000. The bond filed with a surety company as surety thereon was conditioned upon the faithful conduct of himself in the office of receiver, the faithful performance and discharge of all duties of the office and obedience to the directions of the court. On December 20, 1928, the surety company filed a petition asking leave to substitute cash security, to be deposited with the clerk of court, for its written obligations on the bond and asking to be relieved from all further obligations thereon. Ten thousand dollars was thus deposited, and the judge by

consent of all parties entered a decree in accordance with the petition of the surety company. The suit then came on to be heard upon the application of the trustee in bankruptcy for the payment to him of the $10,000 which had been thus deposited. The judge found that the receiver should have made payment to the trustee in bankruptcy, in accordance with the interlocutory decree entered after rescript, and an interlocutory decree directing the clerk of the Superior Court to pay the trustee in bankruptcy the $10,000 deposited with him by the surety company was entered, and the case reported.

For reasons which sufficiently appear in *Wellman* v. *North,* 256 Mass. 496, 500, 501, no equitable liens were created by the receivership in favor of the creditors either of the individual partners or of the partnership, and the trustee is entitled in accordance with the order of court to the funds in the hands of the receiver. The receiver being in default to the full amount of the cash deposited with the clerk, this money stands in the place of that which the receiver should have had to pay over to the trustee. He has failed faithfully to perform the duties of his office and to obey the directions of the court, and the judge was right in ordering this money to be paid to the trustee in bankruptcy. The fact that the bond was ordered to be given on the petition of creditors in the receivership proceedings gave them no special right to have its proceeds held in the State court for their benefit. If it be assumed that all of the money will not be needed to pay creditors in the bankruptcy court, and that certain creditors who have proved their claims in the State court have lost their right without fault to make proof of them in the bankruptcy court, these considerations do not affect the validity of the decree.

Interlocutory decrees allowing the receiver's report showing a balance of $10,175.73 in his hands to be accounted for, and directing the clerk to pay the trustee in bankruptcy $10,000, are affirmed with costs.

*Ordered accordingly.*