*Northern District*

No. 6092

**HAROLD COHEN, et al, d/b/a ROBERT LUBETS & CO.**

**v.**

**EDWARD MARANDOLA**

*Present*: Brooks, P. J., Parker & Yesley, JJ.

Case tried to *Landergan, J.* in the District Court of Southern Essex. No. 965 of 1962.

*Yesley, J.* This is an action to recover for personal services in which the court found for the plaintiffs.

The question presented by this report, raised by the denial of certain of the defendant's requests for rulings, is whether or not these plaintiffs may recover for accounting services rendered to the defendant by a partnership whose partners at the time of such services consisted of the plaintiffs herein and Robert Lubets who deceased prior to the bringing of this action and Kenneth Gordon who had sold his interest in the partnership to said three remaining partners prior to the

decease of Lubets. The partnership carried on its business under the name of Robert Lubets & Company at the time the services were rendered, and that name was continued to be used after Gordon ceased to be a partner and after Lubets died and down to the date of the writ herein.

The defendant contends that, as found by the trial judge, the partnership which rendered the services sued upon was one in which there were four partners and that the failure to join Gordon and the legal representatives of Robert Lubets was fatal to the plaintiffs' action, entitling the defendant to a finding in his favor. He properly raised this issue by requests for rulings which were denied. The plaintiff filed no brief nor appeared for argument before this Division.

The parties who contracted with the defendant for the services sued upon were the four then partners of the firm. All of them must join in an action to recover for such services. *Thomas v. Benson,* 264 Mass. 555, 556; Rowley on Partnership (2nd Ed.) Vol. 2, §49.2. Upon the death of Lubets the partnership was dissolved. G. L. c. 108A, §31 (4); *Cavazza v. Cavazza,* 317 Mass. 200, 203, and the three survivors became the owners of the claim against the defendant, *Davis v. Bicknell,* 244 Mass. 352, 356, and as such, the necessary parties to this action. Rowley on Partnership (2nd Ed.) Vol. 2, §49.2.

██ The fact that Kenneth Gordon left the partnership after the claim accrued does not remove him as a necessary party. Mechem's Elements of the Law of Partnership, §223a. There was no evidence of an assignment in writing by Gordon to the remaining partners as might have entitled them to sue in their own names as to his interest. G. L. c. 231, §5. A finding therefore was required for the defendant, Gordon not having been joined as a party plaintiff.

██ However, the case has been fully tried and it would appear that having sold out to the partnership Gordon's interest as a plaintiff in the case would be nominal and not in any way different from that of the plaintiffs. It would seem then, that a new trial should be avoided where the cause for which this action was brought has been fully tried. The plaintiffs should have leave to apply for an amendment to the writ and declaration by joining Kenneth Gordon as a party plaintiff. See G. L. c. 231, §51; *Richardson v. Bartlett,* 223 Mass. 450, 451. If within sixty days after rescript, a motion so to amend the writ and declaration is allowed by the District Court of Southern Essex, the report is to be dismissed. See *Gaertner v. Donnelly,* 296 Mass. 260, 262; *Fay v. Duggan,* 135 Mass. 242, 244; otherwise the finding for the plaintiffs is to be vacated and judgment entered for the defendant.

. Albert R. Mezoff for the Plaintiff.

Glovsky & Glovsky for the Defendant.